UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UTICA COMMUNITY SCHOOLS

    Plaintiff,

v.                                                 Case No. 13-14022

RICHARD J. ALEF,

    Defendant.
_____/

**ORDER DISMISSING PLAINTIFF'S COMPLAINT**

This court ordered Plaintiff to show cause why its complaint should not be dismissed for failure to prosecute in light of the long delay since any progress at all has been made in this case. (Dkt. #15.) The order also mentioned that Defendant, who serves as counsel in a separate case against Plaintiff, *Somberg v. Utica Community Schools*, No. 13-11810, has succeeded on the merits in that case, which seems to moot the instant matter. (Dkt. #15.) Plaintiff filed a timely response, (Dkt. #16), and Defendant also filed a reply, (Dkt. #17).

Plaintiff claims that Defendant, despite being successful in the underlying case, should have to pay fees which Plaintiff incurred for having to respond to "frivolous and unreasonable claims," which Defendant made during the administrative proceeding in the underlying case, but which did not support recovery by his client. In particular Plaintiff points to an allegation of a "phantom IEP meeting" having been "cut from whole cloth." (Dkt. #16, Pg. ID 400.) Plaintiff relies in part on the Supreme Court's decision in *Fox v. Vice*, which held that, in instances where a plaintiff has succeeded on some

claims and made other frivolous claims, the operative statute "permits defendant to receive only the portion of his fees that he would not have paid but for the frivolous claim." 563 U.S. 826, 836 (2011) ("We emphasize, as we have before, that the determination of fees 'should not result in a second major litigation.'") (citation omitted). The court went on to explain that "the dispositive question is not whether attorney costs at all relate to a non-frivolous claim, but whether the costs would have been incurred in the absence of the frivolous allegation." *Id.* at 838. Here, Plaintiff asserts that some of the allegedly frivolous claims were substantially the subject of an administrative hearing and were stricken by the administrative law judge. (Dkt. #16-1.)

In reply Defendant argues that the ALJ opinion reflects that his clients were truly successful in their underlying case against Plaintiff on two counts and that the transcripts of the hearing evidence that Plaintiff actually admitted to violations as to the other two counts as well. Defendant also argues that Count I of the complaint alleging false statements in the amended administrative complaint merely parrots a counterclaim which was rejected by this court in the other case. Finally, it argues that Count II of the complaint, alleging that the amended administrative complaint contained allegations legally insufficient or beyond the jurisdictional scope of the proceedings, lacks merit because Plaintiff merely asserted general denials at the administrative hearing to these allegations and it was Plaintiff's own actions which necessitated the amendments to its answer.

Plaintiff is generally correct about determining the prevailing party on a piecemeal basis. The Supreme Court held that "a plaintiff may present in one lawsuit distinctly different claims for relief that are based on different facts and legal theories."

*Hensley v. Eckerhart*, 461 U.S. 424, 434–35 (1983). In such cases, "counsel's work on one claim will be unrelated to his work on another claim[, such that] work on an unsuccessful claim cannot be deemed to have been expended in pursuit of the ultimate result achieved." *Id.* The instant case does not appear to match that description at all, as time spent at the administrative hearing was not meaningfully dedicated to allegedly "frivolous" claims such that costs would not have otherwise been incurred, nor is there a serious divide in the body of facts or issues of law which supported a finding of liability against Plaintiff and those which were stricken by the ALJ. The court does not conclude that Plaintiff's allegations support a finding that it was a prevailing party. Moreover, the Sixth Circuit has held that "an award of attorney's fees against a losing plaintiff in a civil rights action is an extreme sanction, and must be limited to truly egregious cases of misconduct." *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1232 (6th Cir. 1986). Even if the court had found that Plaintiff was a prevailing party in the other suit, the allegations here do not rise to an egregious case of misconduct.

In any event, this court's order called for an explanation for the lack of progress on the case. (Dkt. #15.) No developments had been made since this court entered its order on March 13, 2015, denying summary judgment without prejudice until cross motions for judgment on the administrative record were resolved in the underlying case. (Dkt. #13.) Those motions were resolved on March 30, 2016. (Dkt. #30.) Nowhere does Plaintiff's filing attempt to explain this long inertia totaling nearly nine months. Thus, it has failed to show cause why the case should not be dismissed for failure to prosecute. Due to the apparent futility of amendment in virtue of the weakness of Plaintiff's claims as discussed above, dismissal will be with prejudice.

IT IS ORDERED that Plaintiff's Complaint (Dkt. #1) is DISMISSED. A separate judgment will issue.

                                        s/Robert H. Cleland
                                        ROBERT H. CLELAND
                                        UNITED STATES DISTRICT JUDGE

Dated: February 9, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 9, 2017, by electronic and/or ordinary mail.

                                        s/Shawna C. Burns
                                        Case Manager Generalist
                                        (810) 984-2056

S:\Cleland\JUDGE'S DESK\C2 ORDERS\13-14022.SOMBERG.dismiss.bss.wpd